### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THE BOYD LAW GROUP, L.C., ) | |
| ) | |
| Plaintiffs, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| SAINT LOUIS COUNTY, MISSOURI. ) | Judge: |
| ) | |
| Defendants. ) | |
| _____ ) | |

### **COMPLAINT**

COMES NOW the Plaintiff, The Boyd Law Group, L.C. ("BLG"), by and through their undersigned counsel, and for its Complaint against Saint Louis County, Missouri ("STL CO") alleges and states as follows:

### **INTRODUCTION**

1. This is a civil action whereby BLG seeks a Declaratory Judgment, Preliminary and Permanent Injunctive Relief, and a Temporary Restraining Order. BLG seeks Preliminary and Permanent Injunctive Relief, enjoining STL CO, its agents, servants and employees and those acting in active concert and with actual notice thereof including the County Recorder of Deeds and the County Assessor's Office, from enforcing *BILL NO. 174, 2012, ORDINANCE NO. 25,190 , 2012, Introduced by Councilmember Erby: AN ORDINANCE AMENDING TITLE VII SLCRO 1974 AS AMENDED, "PUBLIC SAFETY AND MORALS," BY ENACTING AND ADDING THERETO A NEW CHAPTER TO BE KNOWN AS CHAPTER 727, "MORTGAGE FORECLOSURE INTERVENTION CODE."* ("ORD 25,190").  A copy of the enacted ordinance and the proposed changes is attached hereto as Exhibit "A".

2.	BLG seeks a Declaratory Judgment to determine the constitutionality of ORD 25,190.

3.	An actual controversy exists between the parties involving substantial constitutional issues.

## JURISDICTION AND VENUE

4.	The court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1331. Plaintiff further invokes the jurisdiction of this Court to hear and decide claims arising under State law.

5.	This Court is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the Temporary Restraining Order, and the Injunctive Relief requested by Plaintiff under Rule 65 of the Federal Rules of Procedure.

6.	Venue is proper pursuant to 28 U.S.C. 1391 because the events giving rise to this action occurred in this District.

## PARTIES

7.	Plaintiff, BLG, who regularly acts as successor trustee under deed of trust in Saint Louis County, Missouri, is and was at all times relevant herein, a Missouri Limited Liability Company duly authorized and transacting business in Saint Louis County, Missouri.

8.	Defendant STL CO, is a governmental entity created pursuant to the laws and Constitution of the State of Missouri and is the public entity responsible for enacting and enforcing ORD 25,190, and is capable of being sued.

## STATEMENT OF FACTS

9. On or about August 29, 2012, ORD 25,190 was signed into law by Saint Louis County Executive Charlie A. Dooley.

10. ORD 25,190 becomes effective on or about September 28, 2012.

11. ORD 25,190 creates Chapter 727 (727.100 – 727.700) titled Mortgage Foreclosure Intervention Code.

12. 727.200(3) defines lender as, "Lender" means a person or entity which has advanced funds for a loan to a Homeowner secured by a deed of trust on a Residential Property. For the purpose of this Chapter, "Lender" shall include any servicer of mortgage loans, trustee named in the deed of trust, a duly appointed successor trustee, or legal representative of any of these.

13. 727.200(4) defines Notice of Foreclosure as, "Notice of Foreclosure" means a written notice sent to the Homeowner of Lender's intent to foreclose according to the provisions of Chapter 443 R.S. Mo.

14. 727.200(5) defines Notice of Mediation as, "Notice of Mediation" means a notice sent to the Homeowner informing the Homeowner of the right to participate in a Mediation Conference pursuant to this Chapter.

15. 727.400(1) states that the Notice of Foreclosure and Notice of Mediation be provided contemporaneously.

16. RSMO § 443.325 provides that not less than twenty days prior to the scheduled date of the sale, the Notice of Foreclosure as included in 727.400(1) shall be mailed to borrower and certain other parties with an interest in the real property.

17. 727.400(1) provides that the homeowner has 20 days from the mailing of the Notice of Mediation upon which to request mediation with the Mediation Coordinator.

18. Chapter 727 does not provide for the treatment of those sales that are currently scheduled for sale on or after September 28, 2012 for which the sale publication has already been scheduled and Notices of Foreclosure sent.

19. Additionally, since Chapter 727 is not effective until September 28, 2012 there will be hundreds of sales scheduled prior to the effective date of Chapter 272 but the sale and deed will occur after the effective date.

20. Chapter 727 provides no safe harbor for those sales scheduled as described in paragraphs 18 and 19 herein above, but Lenders may be subject for violation thereof.

## COUNT I – ORD 25,190 IS UNCONSTITUTIONALLY VAGUE

21. BLG hereby incorporates and adopts each and every allegation in the preceding paragraphs numbered 1 through 20.

22. 727.400 is unconstitutional because its provisions are unduly vague as to what constitutes the homeowner requesting mediation within 20 days from mailing by the lender of the Notice of Foreclosure and Notice of Mediation.

23. Since the Notice of Foreclosure and Notice of Mediation are sent to homeowner contemporaneously, the foreclosure could lawfully be scheduled on day 21 from the date of Notices and therefor Lender may not have yet received the homeowner's request for mediation by the time of sale.

24. 727.400 does not state that the homeowner's request for mediation be sent by certified mail or similar method that would allow the determination of when the request was received.

25.     Chapter 727 is unconstitutional as it violates 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Missouri Constitution.

WHEREFORE, BLG respectfully prays that the Court grant the declaratory and injunctive relief set forth herein.

### COUNT II – ORD 25,190 IS UNCONSTITUTIONALLY ARBITRARY AND CAPRICIOUS

26.     BLG hereby incorporates and adopts each and every allegation in the preceding paragraphs numbered 1 through 25.

27.     727.200(3) is unconstitutional because its definition of "Lender" is arbitrary and capricious.

28.     727.200(3) states that "Lender" shall include the trustee or duly appointed successor trustee.

29.     There is no place in Missouri law where the Trustee or Successor Trustee is defined as the Lender in mortgage loan transaction.

30.     The Trustee or duly appointed Successor Trustee maintains the sole duty to conduct a fair sale of the real property subject to the security instrument should the promissory note be accelerated.

31.     The Trustee or duly appointed Successor Trustee has no authority to bind or contract with homeowner.

32.     Despite the fact that the Trustee or duly appointed Successor Trustee has no authority regarding the terms of the loan or security instrument and has no right or title interest in the real property, Chapter 727 has made them subject to be fined for a violation of the ordinance.

33. Chapter 727 is unconstitutional as it violates 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Missouri Constitution.

WHEREFORE, BLG respectfully prays that the Court grant the declaratory and injunctive relief set forth herein.

### COUNT III – ORD 25,190 VIOLATES BLG'S RIGHT TO DUE PROCESS

34. BLG hereby incorporates and adopts each and every allegation in the preceding paragraphs numbered 1 through 33.

35. BLG who regularly acts as successor trustee under deed of trust and who pursuant to 727.200(3) is defined as "Lender" in order to comply with ORD 25,190 must do the following:

   a. provide to the Homeowner and the Mediation Coordinator a Notice of Mediation which informs the Homeowner of the Homeowner's right to participate in a Mediation Conference by sending a request for same to the Mediation Coordinator within twenty days of mailing of the Notice of Mediation;

   b. shall submit a mediation fee of $350.00 to the Mediation Coordinator not less than ten days prior to the Mediation Conference;

   c. shall submit to the Mediation Coordinator and to the Homeowner the following materials: (a) an appraisal and/or broker's price opinion compiled not more than ninety days prior to the Mediation Conference; (b) a written proposal to resolve the foreclosure and the evaluation methodology used to determine the eligibility or non-eligibility of the Homeowner for the retention or non-retention of the home; (c) an estimate of the "short sale" value of the

Residential Property that the Lender may be willing to consider as part of the negotiation if loan modification is not agreed upon; and (d) a statement of any offers the Lender has made to the Homeowner in an effort to resolve the default on the loan;

      d.      shall submit to the designated Presiding Mediator, in writing and under confidential cover, a non-binding proposal for avoiding foreclosure;

      e.      must have real time access to the Homeowner's account information and records relating to consideration of loss mitigation options; have knowledge of loss mitigation and the ability to review options for the Homeowner's specific type of loan; and understand the investor guidelines for the Homeowner's specific loan;

36.      While BLG may be able to comply with (a) and (b) above, although it should not be responsible for the $350.00 mediation fee, BLG cannot possibly comply with (c), (d) and (e).

37.      BLG does not maintain nor have access to any of the required documents, has no authority to prepare or negotiate any proposal nor has it any legal duty to do so nor does it have any knowledge of investor guidelines for a particular homeowner's type of loan.

38.      Chapter 727 is unconstitutional as it violates 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Missouri Constitution.

WHEREFORE, BLG respectfully prays that the Court grant the declaratory and injunctive relief set forth herein.

**COUNT IV-TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

39.      BLG hereby incorporates and adopts each and every allegation in the preceding paragraphs numbered 1 through 38.

40.     Unless restrained, BLG is in danger of being fined for violating ORD 25,190 when it is unconstitutionally vague, unconstitutionally arbitrary and capricious, and violates its right to due process because BLG has no possible way of itself complying with requirements of the ordinance.

41.     Defendant STL CO should be temporarily restrained and preliminarily and permanently enjoined from enacting and enforcing ORD 25,190.

42.     Unless the relief sought herein by BLG is granted, it will suffer immediate and irreparable injury, loss or damage.

WHEREFORE BLG prays that this Honorable Court hear and determine this matter and find the issue in its favor and against STL CO and to issue its temporary restraining order, preliminary and permanent injunction, prohibiting the enactment and enforcement of ORD 25,190, and for such relief the Court deems just and proper under the law and circumstances.

        Respectfully Submitted By:

        THE BOYD LAW GROUP, L.C.

        s/__Michael E. Boyd_____
        Michael E. Boyd, Mo. Bar #53870
        300 St. Peters Centre Blvd., Suite 230
        Saint Peters, MO 63376
        Telephone:  (636) 447-8500
        Fax:  (636) 447-8505
        mboyd@boydlawlc.com
        ATTORNEY FOR PLAINTIFF