IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| THE BOYD LAW GROUP, L.C., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 12-CV-01744 |
| | ) | |
| v. | ) | |
| | ) | |
| SAINT LOUIS COUNTY, MISSOURI. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S VERIFIED MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

| | | |
|---|---|---|
| **STATE OF MISSOURI** | ) | |
| | ) | SS. |
| **COUNTY OF ST. CHARLES** | ) | |

Plaintiff, pursuant to Rule 65 of the Federal Rules of Civil Procedure, moves the Court for entry of a Temporary Restraining Order and Preliminary Injunction enjoining defendant Saint Louis County, Missouri ("STL CO"), and all persons or entities acting on its behalf, from enforcing Saint Louis County Ordinance 25,239, pending entry by the Court of a final judgment in this action.

This motion is based on the following grounds:

1. On September 26, 2012, the Plaintiff filed a Complaint alleging that the ordinance in question violates Plaintiff's and Trustee's similarly situated constitutional rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Missouri Constitution.

2. Unless enjoined by this Court, Plaintiff may be exposed to fines, liens, levies or judgments without due process when they are absolutely unable to comply with the County ordinance as it equates the Trustee or Successor Trustee with the Lender.

3. The ordinance requires "Lender" to do multiple things, such as:

   a. Submit an appraisal and/or broker's price opinion compiled not more than ninety days prior to the Mediation Conference;

   b. Submit a written proposal to resolve the foreclosure and the evaluation methodology used to determine the eligibility or non-eligibility of the Homeowner for the retention or non-retention of the home;

   c. Submit an estimate of the "short sale" value of the Residential Property that the Lender may be willing to consider as part of the negotiation if loan modification is not agreed upon;

   d. Submit a statement of any offers the Lender has made to the Homeowner in an effort to resolve the default on the loan;

   e. Submit a non-binding proposal for avoiding foreclosure;

   f. Must appear at the Mediation Conference and have full authority to agree to a proposed settlement, loan modification, or dismissal;

   g. Must have real time access to the Homeowner's account information and records relating to consideration of loss mitigation options;

   h. Must have knowledge of loss mitigation and the ability to review options for the Homeowner's specific type of loan;

   i. Must understand the investor guidelines for the Homeowner's specific loan;

   j. Must appear at the Mediation Conference to sign documents and settlement agreements on behalf of Lender;

4. The Trustee does not have the ability to carry out any of the above mentioned requirements, however the Trustee is subject to a $1,000.00 fine if all the requirements are not met.

5. Under Missouri law, the Trustee only has a duty to conduct a fair foreclosure sale and the County of Saint Louis cannot enact or enforce legislation that would subject Plaintiff and Trustees to impossible requirements and then fine them for noncompliance.

6. Pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, undersigned counsel for the Plaintiff respectfully certifies to the Court that on September 26, 2012, Plaintiff filed a complaint in this matter. Concurrently with filing, Plaintiff is mailing Defendant a copy of this Motion.

7. There is a substantial likelihood that Plaintiff will establish at trial that the County ordinance is unconstitutional.

8. A Temporary Restraining Order is necessary to preserve the status quo, to prevent the irreparable injury that would result from the enforcement of the ordinance, and to allow the Court to render effective relief if the Plaintiff prevails at trial. Plaintiff would have no adequate remedy at law.

9. Defendant will suffer no harm if restrained from enforcing the ordinance.

10. Bond should be waived since there will be no demonstrable harm to the Defendants if the enforcement of the ordinance complained of herein is enjoined.

WHEREFORE, Plaintiff prays that the Court grant its motion and enjoin Defendant and parties acting by and though Defendant from enforcing Ordinance 25,239, pending entry by the Court of a final judgment in this action.

Respectfully Submitted By:

THE BOYD LAW GROUP, L.C.

_____
Michael E. Boyd, Mo. Bar #53870
300 St. Peters Centre Blvd., Suite 230
Saint Peters, MO 63376
Telephone: (636) 447-8500
Fax: (636) 447-8505
mboyd@boydlawlc.com
ATTORNEY FOR PLAINTIFF

The undersigned does hereby attest that he has read the above and foregoing MOTION and that the facts contained therein are true to the best of his knowledge and belief.

_____
Michael E. Boyd

Subscribed and sworn to before me this 21 day of November, 2012.

_____
Notary Public

My Commission Expires:
9/21/2015

DANA R. HILL
My Commission Expires
September 21, 2015
St. Louis County
Commission #11981033

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of November, 2012, I mailed the foregoing US First Class Mail and sent electronically to the following:

Michael A. Shuman
Associate County Counselor
Lawrence K. Roos Bldg.
41 So. Central Avenue
Clayton, MO. 63105