**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THE BOYD LAW GROUP, L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-1744-JAR |
| ) | |
| SAINT LOUIS COUNTY, MISSOURI, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

On December 3, 2012, this matter came before the Court for hearing on Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 9] and Plaintiff's Verified Motion for a Temporary Restraining Order and Preliminary Injunction [ECF No. 10].

By way of background, on August 28, 2012, the St. Louis County Council enacted a new Mortgage Foreclosure Intervention Code, codified as Ordinance 25,190, as amended by Ordinance 25,239 ("Ordinance"), which requires lenders to offer mediation to homeowners before foreclosing on residential property. Plaintiff seeks to enjoin defendant St. Louis County, Missouri from enforcing the Ordinance on the grounds that it may be exposed to fines, liens, levies or judgments without due process when they are unable to comply with the Ordinance as it equates the Trustee or Successor Trustee with the Lender.

In determining whether to issue a TRO, the Court must consider the following four factors: (1) the threat of irreparable harm to the movants; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movants will succeed on the merits; and (4) the public interest. Phelps-Roper v. County of St. Charles, Mo., 2010 WL 5281668, at *1 (E.D.Mo. December 17, 2010) (citing

Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir.1981)). In each case, the factors must be balanced to determine whether they tilt toward or away from granting injunctive relief. Id. Without a finding of irreparable injury to the moving party, however, a preliminary injunction should not be issued. Id. (citing Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir.1989) (en banc)). The party requesting injunctive relief bears the "complete burden" of proving that an injunction should be granted. Id. (citing Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir.1987)).

Based on the history of this case and for the reasons expressed in open court, the Court finds that Plaintiff has failed to meet his burden of demonstrating the threat of irreparable harm. The absence of a showing of the threat of irreparable harm is sufficient ground for denying injunctive relief. International Broth. of Elec. Workers, AFL--CIO, Local No. 1. v. St. Louis County, 117 F.Supp.2d 922, 935 (E.D. Mo. 2000) (citing Roberts v. VanBuren Public Schools, 731 F.2d 523, 526 (8th Cir. 1984)). The Court will nevertheless expedite this matter and set it for a Rule 16 conference on **Wednesday, December 12, 2012.** The Court will reserve its ruling on Plaintiff's Motion for Leave to File First Amended Complaint until Plaintiff has filed his proposed amended complaint. [1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Verified Motion for a Temporary Restraining Order [10] is **DENIED**.

**IT IS FURTHER ORDERED** that

---

[1] The Administrative Procedures for the Eastern District of Missouri require plaintiffs to attach their proposed amended complaints to motions seeking leave to amend. See United States District Court for the Eastern District of Missouri, Admin. Procedures for CM/ECF § 11(B) at p. 5.

1. **Scheduling Conference:** The Scheduling Conference pursuant to Fed.R.Civ.P. 16 is set for **December 12, 2012 at 9:00 a.m.** in the chambers of the undersigned**.** At the scheduling conference counsel will be expected to discuss in detail all matters covered by Fed.R.Civ.P. 16, as well as all matters set forth in their joint proposed scheduling plan described in paragraph 3, and a firm and realistic trial setting will be established at or shortly after the conference.

2. **Meeting of Counsel:** Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet to discuss the following:

- the nature and basis of the parties' claims and defenses,
- the possibilities for a prompt settlement or resolution of the case,
- the formulation of a discovery plan,
- any issues relating to preserving discoverable information,
- any issues relating to disclosure or discovery of electronically stored information, including–

    (i) the form or forms in which it should be produced,

    (ii) the topics for such discovery and the time period for which such discovery will be sought,

    (iii) the various sources of such information within a party's control that should be searched for electronically stored information,

    (iv) whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information,

    (v) the parties must ensure that their clients preserve electronic discovery materials prior to the Rule 16 Conference, and

    (vi) counsel shall address at the Rule 16 Conference potential electronic discovery and whether a specific agreement or order must be entered on that issue.

- any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the Court to include their agreement in an order, and

- other topics listed below or in Fed.R.Civ.P. 16 and 26(f).

  Counsel will be asked to report orally on the matters discussed at this meeting when they appear before the undersigned for the scheduling conference, and will specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any offers or demands; and, suitability for Alternative Dispute Resolution. This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

  Only <u>one</u> proposed scheduling plan may be submitted in any case, and it must be signed by counsel for <u>all</u> parties. It will be the responsibility of counsel for the plaintiff to actually submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

    3. **Joint Proposed Scheduling Plan:** No later than **December 7, 2012**, counsel shall file

with the Clerk of the Court a joint proposed scheduling plan. **All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

**Track 1: Expedited *Disposition w/i 12 mos of filing *120 days for discovery**

**Track 2: Standard *Disposition w/i 18 mos of filing *180-240 days from R16 Conf. for discovery/dispositive motions**

**Track 3: Complex *Disposition w/i 24 mos of filing *240-360 days from R16 Conf for discovery/dispositive motions**

**The parties' joint proposed scheduling plan shall include:**

(a) whether the Track Assignment is appropriate; **NOTE: This case has been assigned to Track 2: ( Standard ).**

(b) dates for joinder of additional parties or amendment of pleadings;

(c) a discovery plan including:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information,

(ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production,

(iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed.R.Civ.P. 26(a)(1),

(iv) whether discovery should be conducted in phases or limited to certain issues,

(v) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

      (vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules,

      (vii) whether any physical or mental examinations of parties will be requested pursuant to Fed.R.Civ.P. 35, and if so, by what date that request will be made and the date the examination will be completed,

      (viii) a date by which all discovery will be completed **(see applicable track range, Section 3. above)**;

      (ix) any other matters pertinent to the completion of discovery in this case,

  (d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

  (e) dates for the filing of any dispositive motions **(see applicable track range, Section 3. above)**;

  (f) the earliest date by which this case should reasonably be expected to be ready for trial **(see applicable track range, Section 3. above)**;

  (g) an estimate of the length of time expected to try the case to verdict; and

  (h) any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

  4. **Disclosure of Corporate Interests:** All non-governmental corporate parties are reminded to comply with Disclosure of Corporate Interests by filing a Certificate of Interest with the Court pursuant to E.D.Mo. L.R. 2.09.

5. **Pro Se Parties:** If any party appears in this action pro se, such party shall meet with all other parties or counsel, participate in the preparation and filing of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this order.

Dated this 4th day of December, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE